UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NELSON PICAZO SANCHEZ,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.

Case No. 2:25-cv-02288-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Nelson Picazo Sanchez is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 1 ¶¶ 1–2. He entered the United States years ago and resided in Washington before being apprehended by immigration officers on November 4, 2025. *Id.* ¶¶ 41–43. To date, he has not received a custody redetermination hearing before an Immigration Judge ("IJ"). *Id.* ¶ 45; Dkt. 7 at 3.

On November 14, Picazo Sanchez filed a petition for a writ of habeas corpus requiring Respondents to "release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1. On November 21, the Court issued an

order to show cause directing Respondents to file a return to the habeas petition. Dkt. 6. On November 25, Federal Respondents filed a return. Dkt. 7. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Picazo Sanchez argues that Respondents have unlawfully subjected him to mandatory detention consistent with their practice of treating every person who entered the United States without inspection as an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶¶ 21–40, 47–49. In *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, holding that their detention under § 1225(b)(2) was unlawful under the Immigration and Nationality Act ("INA"). --- F.Supp.3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). The Court defined the Bond Denial Class to include the following individuals:

> All noncitizens without lawful status detained at [NWIPC] who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* at *6.

Like members of the Bond Denial Class, Picazo Sanchez, who resided in the United States for years before his apprehension by ICE agents, is not "seeking admission" and thus cannot be subject to mandatory detention under § 1225(b)(2). *See id.* at *16–*27. Instead, he is subject to detention under § 1226(a), which permits release on bond. *Id.*

Federal Respondents argue that this matter is not yet ripe for the Court's consideration because an IJ has not yet made any determination regarding Picazo Sanchez's eligibility for bond. Dkt. 7 at 3. In the alternative, they contend that even if the case is ripe, Picazo Sanchez has failed to exhaust his administrative remedies. *Id.* at 3–4. Notwithstanding those objections, they do not oppose Picazo Sanchez being considered a member of the Bond Denial Class for the purposes of this habeas case. *Id.* at 4.

"Article III's ripeness doctrine is designed to 'prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Flaxman v. Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)). "Constitutional ripeness equates with Article III's injury-in-fact requirement for standing." *Id.* at 1184–85. "The well-worn prerequisites are an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Id.* at 1185 (citation modified) (quoting *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173 (9th Cir. 2022)).

The fact that Picazo Sanchez has not yet had a bond hearing does not mean his habeas petition is not ripe for review. There is nothing abstract or hypothetical about this dispute. Picazo Sanchez is suffering a concrete and actual injury—he is detained in federal immigration custody right now, based on a mandatory detention policy that this Court has already concluded violates the INA. Federal Respondents make clear in their response that Picazo Sanchez is detained pursuant to this policy: "While acknowledging the Court's decision in *Rodriguez Vazquez*,

Federal Respondents continue to believe Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b).” Dkt. 7 at 1.

Similarly, although the portion of the *Rodriguez Vazquez* class definition that excludes detainees subject to detention under other parts of the INA references “the time the noncitizen is scheduled for or requests a bond hearing,” whether a detainee has requested a bond hearing does not change the legality of their custody under § 1225(b)(2). The statutory analysis of *Rodriguez Vazquez* applies with equal force to Picazo Sanchez and others like him, whether they have yet requested hearings or not. Where, as here, an individual “is in custody in violation of the . . . laws . . . of the United States,” the Court is empowered to grant the petitioner’s writ of habeas corpus. *See* 28 U.S.C. § 2241(a). This case is therefore ripe for the Court’s consideration.

Nor is Picazo Sanchez required to exhaust administrative remedies before seeking habeas relief from this Court. The Ninth Circuit has held that “[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, *unless exhaustion is excused*.” *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (emphasis added). The Court finds that exhaustion is excused here. The Board of Immigration Appeals has already adopted Federal Respondents’ position that the IJs lack jurisdiction to grant bond to any detainee who is charged with entering the United States without admission or parole, and the Court has already held that this position is inconsistent with the INA. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); *Rodriguez Vazquez*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Federal Respondents do not dispute that Picazo Sanchez is currently subject to mandatory detention without the possibility of bond under § 1225(b)(2), consistent with agency-wide practice. Dkt. 7 at 1–3. Picazo Sanchez need not go through a futile exercise of requesting a bond hearing while still subject to unlawful mandatory detention in order to seek habeas relief. *See*

*Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require" (quoting 28 U.S.C. § 2243)).

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Nelson Picazo Sanchez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 26th day of November, 2025.

Tiffany M. Cartwright
United States District Judge